# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL ESSENTHIER and ) | |
| VIRGINIA ESSENTHIER ) | |
| *INDIVIDUALLY AND AS PARENTS* ) | |
| *AND NATURAL GUARDIANS OF* ) | |
| CHRISTIAN F. ESSENTHIER, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION |
| v. ) | No. 10-4235 |
| ) | |
| WOLF INVESTMENT CORPORATION #1, ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                              **November 16, 2010**

Before this Court is Plaintiffs' Motion to Remand this action to the Court of Common Pleas of Philadelphia County. For the reasons stated below, Plaintiffs' motion is denied.

**I.    BACKGROUND**

Plaintiffs filed this action in the Court of Common Pleas of Philadelphia County to recover damages for injuries allegedly sustained when their minor son tripped and fell while traversing Defendants' premises.[1] Plaintiffs named the following Defendants: Wolf Investment Corporations numbered one through eight ("Wolf"), the City of Philadelphia, the National Railroad Passenger Corporation ("Amtrak"), and the Southeastern Pennsylvania Transit Authority. Every Defendant except Wolf received service of the complaint on July 21, 2010;

---

[1] Defs.' Notice of Removal, Ex. A ("Compl.") ¶¶ 16–22 [Doc. No. 1].

Wolf received service one day earlier, on July 20.[2] With the written consent of all Defendants, Amtrak filed a notice of removal on August 20, 2010—thirty days after it received service, but thirty-one days after Wolf received service. Amtrak's Notice of Removal asserts that this Court has jurisdiction under 28 U.S.C. § 1331 because Amtrak is a corporation created by Congress and the U.S. Government owns more than half of its stock.[3]

Plaintiffs have moved for remand, arguing that because Wolf itself failed to remove or to consent to removal within thirty days after it received service, Wolf's consent is invalid, and thus Amtrak's Notice of Removal, though filed within 30 days of Amtrak's receipt of service, is defective. Plaintiffs' argument succeeds only if this Court adopts the minority rule that the thirty-day removal period begins to run when the *first-served* defendant receives service. This Court declines adopt such a rule.

## II. DISCUSSION

The statute governing the procedure for removal, 28 U.S.C. § 1446, provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

---

[2] Pls.' Mot. to Remand ¶¶ 4–5 [Doc. No. 11]; Amtrak's Mem. in Opp'n to Pls.' Mot. to Remand at 2 [Doc. No. 20-2].

[3] Defs.' Notice of Removal at 2.

Claims against corporations created by and organized under acts of Congress fall within the statutory grant of federal question jurisdiction, see Union Pac. Ry. Co. v. Myers, 115 U.S. 1, 11-14 (1885), so long as the United States owns more than one-half of the capital stock, 28 U.S.C. § 1349. The claims thus fall within this Court's original jurisdiction. See, e.g., Hollus v. Amtrak Ne. Corridor, 937 F. Supp. 1110, 1113 (D.N.J. 1996); In re Rail Collision near Chase, 680 F. Supp. 728, 729–30 (D. Md. 1987).

proceeding is based . . . .[4]

In addition, each defendant must consent to removal.[5] The statute does not specify when, in multiple defendant cases, the thirty-day period begins to run if different defendants receive service at different times, or whether each defendant must consent within their own thirty-day removal period.

Case law reveals two competing rules: the first-served defendant rule and the later-served defendant rule. Under the first-served defendant rule, which Plaintiffs advocate, the thirty-day period begins to run when the first defendant is served.[6] Under this rule, the removing defendant must obtain consent of all defendants and file its notice within thirty days of service of the first-served defendant, regardless of when the removing defendant received service. But the later-served defendant rule, which Defendants advocate, "allow[s] each defendant thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants had filed such notices."[7]

The weight of authority strongly favors the later-served defendant rule. Of the five Circuit Courts of Appeals to consider the issue, only one has adopted the first-served defendant

---

[4] 28 U.S.C. § 1446(b).

[5] See Di Loreto v. Costigan, 351 F. Appx. 747, 752 (3d Cir. 2009) (citing Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)).

[6] E.g. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262–63 (5th Cir. 1988).

[7] Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 756 (8th Cir. 2001).

rule,[8] while four have adopted the later-served defendant rule.[9] The Third Circuit has not resolved the question.[10] Most district courts within this Circuit, including this Court, have opted for the later-served defendant rule.[11]

The Supreme Court's reasoning in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.[12] has contributed to the trend toward adoption of the later-served defendant rule.[13] There, the Court held that the thirty-day removal period of Section 1446(b) is triggered by formal service, "but not by mere receipt of the complaint unattended by any formal service."[14] In reaching this conclusion, the court invoked the "longstanding tradition" that "[s]ervice of process . . . is fundamental to any procedural imposition on a named defendant,"[15] and noted that Congress enacted the current version of Section 1446 to "ensure that the defendant would have access to

---

[8] See Getty Oil, 841 F.2d at 1262–63.

[9] Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Cir. 2010); Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1209 (11th Cir. 2008); Marano Enters., 254 F.3d at 756–57; Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999).

[10] See Di Loreto, 351 F. Appx. at 752 n.7 (noting recent authority supports the later-served defendant rule, but leaving "a definitive decision on the issue for another day").

[11] E.g. Cmeich v. Electrolux Home Prods., Inc., 520 F. Supp. 2d 671, 677 (M.D. Pa. 2007); K.S. v. Sch. Dist. of Phila., No. 05-cv-4916, 2005 WL 3150253, at *3 (E.D. Pa. Nov. 22, 2005) (Rufe, J.); Harper v. Westfield Apartments, No. 04-cv-2231, 2005 WL 747845, at *1 (E.D. Pa. Mar. 30, 2005); Orlick v. J.D. Carlton & Son, Inc., 144 F. Supp. 2d 337, 343 (D.N.J. 2001).

[12] 526 U.S. 344 (1999).

[13] 16 Daniel R. Coquillette, et al., Moore's Federal Practice – Civil § 107.30(3)(a)(iv)(C) (2010) (hereinafter Moore).

[14] Murphy Bros., 526 U.S. at 348.

[15] Id. at 350.

the complaint before commencement of the removal period."[16] The Fourth, Eighth, and Eleventh Circuits relied on the reasoning in Murphy Bros. in selecting the later-served defendant rule.[17] Under this view, Murphy Bros. "supports the last-served defendant rule because a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process."[18] But the "first-served defendant rule would obligate a defendant to seek removal prior to his receipt of formal process."[19] The Fifth Circuit—the only circuit to apply the first-served defendant rule—has not considered the issue since Murphy Bros. was decided. Moreover, since Murphy Bros., most district courts within the Third Circuit have generally applied the later-served defendant rule.[20]

Legal and policy rationales undergird each rule. The first-served defendant rule has three primary rationales. First, some courts perceive it as more consistent with the rule of unanimity. Under this view, unanimity is promoted by requiring all served defendants to join in the removal within thirty days.[21] Once the first-served defendant's removal period lapses, later-served

---

[16] Id. at 351.

[17] Barbour, 594 F.3d at 323–24; Bailey, 536 F.3d at 1207–09; Marano Enters., 254 F.3d at 756. The Sixth Circuit adopted the first-served defendant rule prior to, and hence independently of, Murphy Bros. Brierly, 184 F.3d at 533.

[18] Bailey, 536 F.3d at 1208.

[19] Id.

[20] One court in the District of New Jersey applied an intermediate rule more akin to the first-served defendant rule after Murphy Bros. See Epstein v. Sensory Mgmt. Servs., LLC, No. 07-cv-2113, 2007 WL 2702646 (D.N.J. Sep. 12, 2007). This decision, however, preceded adoption of the later-served defendant rule by the Fourth and Eleventh Circuits.

[21] See, e.g., Getty Oil, 841 F.2d at 1263.

defendants cannot include the first-served defendant in their petition for removal.[22]  Second, the first-served defendant rule has found support in the policy and practice of narrowly construing the federal removal statute in favor of remand because of "the restrictive policy of Congress against removal."[23]  Finally, the rule ensures that the question of forum is settled quickly.[24]

The Court does not find this reasoning compelling.  First, the later-served defendant rule is equally consistent with the rule of unanimity because later-served defendants must still secure the consent of the earlier-served defendants prior to removing.[25]  Second, by elevating the fundamental importance of service of process, the Supreme Court's reasoning in Murphy Bros. appears to have relaxed the policy of narrowly construing the removal statute in favor of remand, at least with respect to defendants' removal rights.[26]

Further, under the first-served defendant rule, later-served defendants lose their statutory right to removal through no fault of their own.[27]  The first-served defendant may have no

---

[22] See id. at 1262–63.

[23] See Getty Oil, 841 F.2d at 1263 n.13 (noting first-served defendant rule is consistent with axiom that removal statutes are to be strictly construed against removal).

[24] Moore § 107.30(3)(a)(iv)(C).

[25] E.g. Bailey, 536 F.3d at 1207 ("The unanimity rule . . . requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal.").

[26] See Murphy Bros., 526 U.S. at 357 (Rehnquist, C.J., dissenting) (stating that majority "departs from this Court's practice of strictly construing removal and similar jurisdictional statutes."); Marano, 254 F.3d at 756 (noting that Murphy Bros. decision appeared to relax its strict constructionist approach to removal statutes); Moore § 107.30(3)(a)(iv)(C).

[27] Bailey, 536 F.3d at 1206.

incentive or viable basis to remove.[28] And under the first-served defendant rule, a plaintiff could prevent removal by manipulating the date of service for various defendants. Finally, each defendant has a statutory right of removal, and, under the reasoning of Murphy Bros., this right must not be contingent upon the timing with which the plaintiff elects to serve process on other defendants.[29]

The strong trend in the courts, the Supreme Court's reasoning in Murphy Bros., and considerations of fairness lead this Court to adopt, as it has in the past,[30] the later-served defendant rule. Thus, "even the last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired."[31]

### III. CONCLUSION

Having concluded that the later-served defendant rule applies, this Court finds that Defendant Amtrak had thirty days from the date on which it received service during which to file its notice of removal and obtain the consent of other Defendants. Having so filed, Amtrak's removal was timely. Accordingly, the Court denies Plaintiffs' Motion to Remand.

An appropriate Order follows.

---

[28] In this case, the presence of Amtrak as a defendant is the sole basis for federal jurisdiction. This court need not and does not decide whether other defendants could have removed the case on the same grounds.

[29] See Murphy Bros., 526 U.S. at 1327 ("[T]he summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").

[30] K.S. v. Sch. Dist. of Phila., 2005 WL 3150253 at *3.

[31] Cmeich, 520 F. Supp. 2d at 676.